United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 06-20938
Summary Calendar

—————————

KELLY, SUTTER, MOUNT & KENDRICK, P.C., doing business as
Kelly, Sutter & Kendrick, P.C.; J DOUGLAS SUTTER,

Plaintiffs - Appellees,

v.

ROBERT ALPERT,

Defendant - Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:05-CV-2213
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

The United States District Court for the Southern District of Texas entered default judgment against Appellant, Robert Alpert, after he failed to respond to a complaint filed against him. Alpert moved to set aside the default judgment solely under Rule 60(b)(4), claiming that he had not been validly served with process because the person who received the summons and complaint, his housekeeper, did not live at his residence at the time of service. The district court held an evidentiary hearing and determined that the testimony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of Alpert and his housekeeper were not credible and that the housekeeper was residing at the house at the time of service. The court concluded that service of process was adequate. Alpert subsequently filed a motion for new trial and a second motion to set aside the default judgment, this time alleging excusable neglect, which were both denied by the district court. Alpert appeals to this Court.

Whether there was sufficient service of process upon a defendant is an issue of law that this court reviews de novo. *Maiz v. Virani*, 311 F.3d 334, 338, 340 (5th Cir. 2002). "We review the district court's findings of fact underlying its disposition of a rule 60(b)(4) motion for clear error." *Goetz v. Synthesys Technologies, Inc.*, 415 F.3d 481, 483 (5th Cir. 2005). The issue of whether or not service was proper in this case turns on the factual determination of whether Alpert's housekeeper was residing at his home at the time of service. After review of the record, we do not find that the court clearly erred in determining that Alpert's housekeeper was a "person of suitable age and discretion then residing" in Alpert's home, thus satisfying the requirements for service of process under Rule 4(e)(2). In addition, for the reasons stated in the district court's Memorandum and Opinion entered on October 25, 2006, we agree that Alpert has failed to make the requisite showing that the judgment should be set aside under either Rule 59(e) or 60(b)(1).

AFFIRMED.